IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOMMY ROBINSON, #226-992 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-17-535 |
| NURSE KIMBERLY MARTIN, WEXFORD HEALTH SOURCES, INC., COLLEGIAL MEDICAL GROUP, | * | |
| | * | |
| Defendants. | * | |

*********
**MEMORANDUM and ORDER**

On February 1, 2018, this court granted summary judgment in favor of health care providers in this lawsuit brought by Plaintiff Tommy Robinson. ECF Nos. 63 and 64. Robinson now seeks recusal of the undersigned and two other members of this bench, on the basis that counsel was not appointed to represent him. ECF No. 68. Robinson further complains of judicial bias favoring health care providers over prisoners. *Id.*

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (concluding that judge's opinions formed *during* the proceedings did not necessitate the judge's disqualification) (quoting *Liteky v. United States*, 510 U.S. 540, 545, 551 (1994)). Thus, a judge must recuse himself or herself if an extrajudicial source provides a reasonable factual basis for calling the judge's impartiality into question. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the

judge's impartiality, not whether the judge is in fact impartial." *Id.*; *see Liteky*, 510 U.S. at 548 ("[W]hat matters is not the reality of bias or prejudice but its appearance."). Conversely, if a judge's "familiarity with the facts of a case stem from [the judge's] judicial conduct in presiding over earlier proceedings," the judge typically need not recuse himself or herself, even if the judge has formed an opinion about the case, *In re Beard*, 811 F.2d at 827, unless the judge's stated opinion "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 551, 555; *Belue*, 640 F.3d at 572.

A judge also is required to disqualify himself or herself if the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding" or if the judge is "likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(1), (5)(iv). As with § 455(a), the judge's knowledge referenced in § 455(b)(1) must "stem from a 'source outside the judicial proceeding at hand' in order to disqualify [the] judge." *Belue*, 640 F.3d at 572 (quoting *Liteky*, 510 U.S. at 545). Unlike § 455(a), § 455(b)(1) pertains to knowledge that is both actual and personal. *See Liteky*, 510 U.S. at 548.

Assuming Robinson is claiming this court harbors bias against him based on the outcome of this case and the failure to appoint counsel to represent him, those claims provides no basis for recusal. Accordingly, Plaintiff's motion to recuse is denied.

Date: March 20, 2018                    _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge

2